UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHOP NGOUT TANG,

      Petitioner,

v.

CHARLES GREEN,

      Respondent.

Civ. No. 15-7101 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

The petitioner, Chop Ngout Tang, is an immigration detainee at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 30, 2015, this Court administratively terminated this case as Mr. Tang had not paid the $5.00 filing fee nor had he submitted an application to proceed *in forma pauperis*. On October 15, 2015, this Court received Mr. Tang's $5.00 filing fee. Therefore, the Clerk will be ordered reopen this case. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

### II.    BACKGROUND

Mr. Tang is a native and citizen of South Sudan. In 2011, Mr. Tang was convicted to a criminal offense. He was ordered removed on May 9, 2012. He was placed into immigration detention on June 12, 2015. He asserts that the length of time he has remained in detention, now totaling over 4 months, is excessive, and he seeks release.

### III.    LEGAL STANDARD: *SUA SPONTE* DISMISSAL

Title 28, U.S Code, Section 2243 provides for an initial screening of a habeas petition:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Title 8 of the United States Code Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a

> required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal-order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States*, 495 F. App'x 274, 276–77 (3d Cir. 2012) (per curiam) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Mr. Tang is not now entitled to federal habeas relief; he has been in post-removal immigration detention for a little more than four months. Therefore, he is still within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*. He points to no special circumstances or facts indicating that there is no likelihood of removal in the near future. Accordingly, his challenge to his post-removal immigration detention is premature and will be summarily dismissed without prejudice. *Accord Grossett v. Muller*, No. 13-0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12-7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same). Should the United States fail to execute the order of removal within a reasonable time, such a claim may be reasserted.

### V.   CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed without prejudice. An appropriate order will be entered.

Dated:  October 20, 2015

_____
KEVIN MCNULTY
United States District Judge